ROBERT W. ALLBRIGHT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Allbright v. Commissioner
Docket No. 20649-89
United States Tax Court
T.C. Memo 1990-154; 1990 Tax Ct. Memo LEXIS 178; 59 T.C.M. (CCH) 190; T.C.M. (RIA) 90154; March 22, 1990
Robert S. Schriebman, for the petitioner. Joyce L. Sugawara, for the respondent. PARR
*343 MEMORANDUM FINDINGS OF FACT AND OPINION PARR, Judge: This case is before the Court on petitioner's motion for summary judgment and respondent's cross-motion for partial summary judgment. The issue for decision is whether the period of limitations expired before respondent mailed a notice of deficiency to petitioner. This issue is dependent upon the legal effect of a Form 872-A (Special Consent to Extend the Time to Assess Tax) executed by the parties. If we grant respondent's motion, we must then decide whether to grant petitioner's request that this Court's order be certified for interlocutory appeal. FINDINGS OF FACT On October 19, 1983, the Internal Revenue Service Center at Austin, Texas, received a joint Federal income tax return for the year 1982 from petitioner and *180 his then-wife, Susan R. Allbright. On August 4, 1986, petitioner executed a Form 872-A for the year 1982, which was later executed on behalf of respondent on August 14, 1986. The amount of any assessment was limited to the deficiency resulting from certain specified types of adjustments. The form provides that the Federal income tax due for the year ended December 31, 1982 -- may be assessed on or before the 90th (ninetieth) day after: (a) the Internal Revenue office considering the case receives Form 872-T, Notice of Termination of Special Consent to Extend the Time to Assess Tax, from the taxpayer(s); or (b) the Internal Revenue Service mails Form 872-T to the taxpayer(s); or (c) the Internal Revenue Service mails a notice of deficiency for such period(s); except that if a notice of deficiency is sent to the taxpayer(s), the time for assessing the tax for the period(s) stated in the notice of deficiency will end 60 days after the period during which the making of an assessment was prohibited. * * * This agreement ends on the earlier of the above expiration date or the assessment date of an increase in the above tax or the overassessment date of a decrease in the above tax *181 that reflects the final determination of tax and the final administrative appeals consideration. * * * Neither party used Form 872-T to terminate the consent to extend the time to assess the tax for the year 1982. *344 On August 2, 1989, respondent mailed a notice of deficiency for the year 1982 to petitioner and his former wife. In the notice, respondent determined (1) a deficiency in Federal income tax of $ 61,691; (2) additions to tax under sections 6653(a)(1) [1] and 6659 of $ 3,084.55 and $ 18,507.30, respectively; and (3) additions to tax under sections 6653(a)(2) and 6661, and additional interest under section 6621(c) [2] (the amounts of which could not be determined when the notice was issued). On August 21, 1989, petitioner resided in San Marino, California, and filed a petition with respect to the year 1982 with the Court. OPINION In general, taxes imposed by the Internal *182 Revenue Code must be assessed within three years from the time that the return is filed. Sec. 6501(a). The notice of deficiency in this case was mailed to petitioner and his former wife almost six years after their return for the year 1982 was filed. However, the assessment period may be extended if the parties consent in writing before the expiration of the prescribed limitation period. Sec. 6501(c)(4). [3] In this case, the parties executed a completed Form 872-A for the year 1982 within the applicable three-year limitation period. Neither party used Form 872-T to terminate the executed Form 872-A. Petitioner does not dispute that the period of limitations was initially extended by executing *183 Form 872-A. Instead, petitioner argues that the extended period for assessment terminated by operation of law after a "reasonable" period of time, relying upon the opinion of the Ninth Circuit Court of Appeals in , affg. . In contrast, respondent argues that the unanimous opinion of this Court in (Court reviewed), entitles respondent to partial summary judgment. We agree with respondent. [4] Respondent has satisfied us that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. See Rule 121(b); ; . Accordingly, respondent's motion for partial summary judgment will be granted, and petitioner's motion for summary judgment will be denied. *184 The analysis of this Court in Estate of Camara equally applies to the present case: Since McManus was decided, we have held that the current version of Form 872-A may be terminated only with a Form 872-T or a notice of deficiency. Grunwald v. Commissioner, 86 T.C. at 89-90. See also , affg. per curiam an order of this Court. We reached this result both because the Form 872-A explicitly allowed only two methods of termination and because the revised Form 872-A was meant to reduce the uncertainty that had surrounded indefinite extension agreements by eliminating the question of whether various written communications constituted termination letters. 86 T.C. at 89-90. We think that both those concerns are implicated here. Firstly, the Forms 872-A involved herein specifically allow a taxpayer to terminate it in writing on Form 872-T. The parties to the extension agreement should be held to that term. See Grunwald v. Commissioner, 86 T.C. at 89. Secondly, certainty in the use of Form 872-A is further enhanced by not interpreting it to end by operation *185 of law after a reasonable time. If the extension agreements of this type involved herein were held to end after a reasonable time without the giving of prior notice, we would be forced to make an inquiry into the facts and circumstances of every case in which a Form 872-A was utilized. Therefore, we hold that extension agreements that contain specific termination provisions do not end by operation of law after a reasonable time. To the extent that , affd. (9th Cir. 1978], requires a different result, we will no longer follow it. Our position in this regard is reinforced by the very recent opinion in , affg. a Memorandum Opinion of this Court, in which the *345 Ninth Circuit Court of Appeals stated "Since silence is not an acceptable alternative to use of Form 872-T and since neither the taxpayers nor the Service executed and mailed a Form 872-T, the extension could terminate only by the mailing of a statutory notice of deficiency" without making any reference to its affirmance of McManus. . *186 [. Footnote refs. omitted.] Unlike Estate of Camara and its progeny, [5] venue for appeal of this case would lie in the Ninth Circuit Court of Appeals. Accordingly, we will follow any decision of the Ninth Circuit which is "squarely in point." , affd. . We believe, however, that the Ninth Circuit's opinion in McManus does not support petitioner's position: This form does not, as the taxpayers contend, extend the limitations period forever. The tax court held that the waiver would be accepted and operative only for a reasonable time only. The taxpayers do not contend that the assessments here, filed 11 months after the three year period, were unreasonably delayed, nor could they prevail on such contention. Nor does § 6501(c)(4) demand the reading the taxpayers give it. The statute requires an agreement between the taxpayer and the Commissioner; it *187 does not require an agreement for a fixed period of time. If a fixed period is agreed to, it can be extended. The taxpayers could have cut the extension period to 90 days by sending a letter. They failed to do so. We fail to see any significant difference between not sending a letter here and granting a further extension. * * * [. Emphasis added.] The Court of Appeals stated in McManus that the taxpayers did not contend on appeal that the assessment was unreasonably delayed. Accordingly, we believe that the court's comment that the taxpayers could not prevail on this contention was merely dictum. In addition, we reiterate that our review of pertinent decisions of the Ninth Circuit rendered after McManus (namely ; ) indicates that the court's present view is that an executed Form 872-A does not terminate by operation of law after a reasonable period of time, which is consistent with our decision in Estate of Camara. We must next decide whether to grant petitioner's request that we certify for interlocutory *188 appeal our order granting respondent's motion for partial summary judgment. Before certifying an order for interlocutory appeal, this Court must be satisfied that (1) a "controlling question of law" is involved, (2) with respect to which there is a "substantial ground for difference of opinion," and (3) an immediate appeal from the order may "materially advance the ultimate termination of the litigation." Sec. 7482(a)(2)(A); [6] Rule 193(a). [7] Failure to meet any one of the three requirements will result in denial of the requested certification. . After certification by this Court, the Court of Appeals may, in its discretion, permit an appeal to be taken if application is made to it within ten days after this Court's order is entered. Sec. 7482(a)(2)(A). *189 To guide us in making our decision, we recall what we stated in : Through the creation of interlocutory orders, Congress sought to achieve the avoidance of wasted trial and harm to litigants. * * * In reaching its determination, the court also must weigh the policies favoring the "final judgment rule," i.e., the avoidance of piecemeal litigation and dilatory and harassing appeals. * * * If the avoidance of wasted trials is taken as the sole guide, a multitude of interlocutory opinions will become appealable. This is contrary to the intent of the draftsmen and proponents of * * * section 7482(a)(2), who were of the view that interlocutory *346 orders should only be granted in exceptional cases. * * * First, we are convinced that a "controlling question of law" is present in this case. That question is whether the Ninth Circuit Court of Appeals requires that we decide whether a reasonable period of time after the execution of the Form 872-A expired before respondent issued his notice of deficiency to petitioner. Second, however, we do not think that "substantial ground for difference of opinion" exists as to the *190 controlling question of law in this case. The "substantial ground for difference of opinion" test has been interpreted by the courts to involve questions that present serious and unsettled legal issues. ; see ; . As explained above, we believe that the present view of the Ninth Circuit Court of Appeals is consistent with the view of this Court expressed in Estate of Camara and herein. Since we have concluded that no substantial ground for difference of opinion exists in this case, we need not consider whether interlocutory appeal of our order would "materially advance the ultimate termination" of this case. Petitioner's request that we include a statement in our order which would entitle him to request the Ninth Circuit Court of Appeals to accept interlocutory appeal will be denied. To reflect the foregoing, An appropriate order will be issued. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code and all Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. Section 6621(d) was renumbered as section 6621(c) by the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2744.↩
3. (4) EXTENSION BY AGREEMENT. -- Where, before the expiration of the time prescribed in this section for the assessment of any tax imposed by this title, * * * both the Secretary and the taxpayer have consented in writing to its assessment after such time, the tax may be assessed at any time prior to the expiration of the period agreed upon. The period so agreed upon may be extended by subsequent agreements in writing made before the expiration of the period previously agreed upon.↩
4. Accordingly, we need not consider respondent's alternative argument that, in the event the Court declines to follow its opinion in , the determination of whether the extended period in this case was "reasonable" raises a genuine issue of material fact which is unsuitable for summary judgment.↩
5. ; .↩
6. (A) IN GENERAL. -- When any judge of the Tax Court includes in an interlocutory order a statement that a controlling question of law is involved with respect to which there is a substantial ground for difference of opinion and that an immediate appeal from that order may materially advance the ultimate termination of the litigation, the United States Court of Appeals may, in its discretion, permit an appeal to be taken from such order, if application is made to it within 10 days after the entry of such order. Neither the application for nor the granting of an appeal under this paragraph shall stay proceedings in the Tax Court, unless a stay is ordered by a judge of the Tax Court or by the United States Court of Appeals which has jurisdiction of the appeal or a judge of that court. ↩
7. (a) General: For the purpose of seeking the review of any order of the Tax Court which is not otherwise immediately appealable, a party may request the Court to include, or the Court on its own motion may include, a statement in such order that a controlling question of law is involved with respect to which there is substantial ground for difference of opinion and that an immediate appeal from that order may materially advance which there is substantial ground for difference of opinion and that an immediate appeal from that order may materially advance the ultimate termination of the litigation. * * * ↩